JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANTONIUS A. NIEUWENHUIS, | ) CASE NO. CV 18-3942-R |
|---|---|
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO REMAND AND DENYING |
| v. | ) FORD'S MOTION TO DISMISS AS |
| | ) MOOT |
| FORD MOTOR COMPANY, a Delaware corporation; DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

Before the Court is Ford Motor Company's ("Ford") Motion to Dismiss Causes of Action Three through Five, filed on May 18, 2018, and Plaintiff Nieuwenhuis' Motion to Remand, filed on June 8, 2018. (Dkts. 9, 18). Having been briefed by both parties, this Court took the matters under submission respectively on June 15, 2018, and July 13, 2018.

Plaintiff brings a variety of state law causes of action against Ford for allegedly selling Plaintiff a defective truck. Plaintiff filed his original Complaint on August 3, 2017, and his First Amended Complaint ("FAC") on February 20, 2018. On May 11, 2018, Ford removed the case to federal court based on diversity jurisdiction. Plaintiff moves to remand on the basis that Ford's removal is untimely.

A defendant has two thirty-day windows to remove a state case to federal court. In the first window, the defendant must remove within thirty days after it receives a copy of the initial

pleading. 28 U.S.C. § 1446(b)(1). Critically, "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "[I]f the case stated by the initial pleading is not removable," then the defendant may remove under the second window. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 692. Under this second window, the defendant must remove within thirty days after it receives an amended pleading or some paper "from which it can be ascertained from the face of the document that removal is proper." 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 694. "When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

Here, removal is based on diversity, and there is no question the parties are diverse. The question is whether, under the first window, it is apparent from the face of the Complaint that the amount in controversy is more than $75,000.00. If so, Ford's removal nine months after receipt of the Complaint was untimely. If not, the question becomes whether removal was timely under the second window.

"Courts may use judicial experience and common sense in determining whether it is 'facially apparent' that the amount in controversy is satisfied…and courts should conduct an independent appraisal of the allegations of the complaint…." *Dourian v. Stryker Corp.*, 2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012). Based on over fifty years of judicial experience, and common sense, it is "facially apparent" from the Complaint that the amount in controversy is satisfied here. The sales contract—attached and incorporated by reference to the Complaint—shows that the "Total Sale Price" of Plaintiff's vehicle was $64,322.64. Plaintiff sues for breach of express and implied warranty—based on "serious defects and nonconformities to warranty"—under the Song-Beverly Consumer Warranty Act, concealment, fraud, and negligent misrepresentation. Plaintiff seeks not only rescission of the $64,322.64 purchase contract and restitution of all money spent, but also general, special, actual, and punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Plaintiff also seeks civil penalties equal

to two times actual damages. Lastly, Plaintiff seeks recovery of attorney's fees, which are statutorily authorized by the Song-Beverly Consumer Warranty Act. *See* Cal. Civ. Code § 1794(d) (providing for attorney's fees); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorney's fees included in amount in controversy where authorized by underlying statute). It is apparent from the face of the Complaint that the amount in controversy well exceeds $75,000.00. *See, e.g.*, *Dourian*, 2012 WL 12893752, at *2. Therefore, Ford was required to remove this case within thirty days of receipt of the Complaint. It instead sought removal nine months later. Ford's removal was untimely.

Even assuming the first thirty-day window does not apply, removal was untimely under the second thirty-day window because Ford did not remove within thirty days of receipt of the FAC or some other paper indicating the amount in controversy was satisfied. Ford's Notice of Removal relies only on allegations in the FAC. Thus, Ford must have ascertained that this action was removable from the face of the FAC. Ford was therefore required to remove within thirty days of receipt of the FAC, which it failed to do.

This Court rejects Ford's argument that it ascertained this case was removable only upon review of newly-obtained "vehicle records." The Notice of Removal is silent as to these vehicle records. Moreover, Ford refers to these records only in passing and does not identify them or specify when and how Ford received them.[1] In any case, Plaintiff specifically identifies these records, and his attorney declares Plaintiff produced them on or about January 8, 2018, months before Ford sought removal. Ford had thirty days to remove from this date. It did not remove until months later. Therefore, Ford does not meet its burden of showing that removal was timely. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.").

This Court will not award Plaintiff attorney's fees because removal was not "objectively unreasonable."

---

[1] Ford only briefly notes that these vehicle records show that Ford would not be entitled to a mileage off-set, and its attorney declares only that Ford received these unidentified papers from "third parties" within "thirty (30) days of its May 11, 2018 removal." This vague declaration is contradicted by Plaintiff's lawyer's more detailed declaration.

3

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. 18).

**IT IS FURTHER ORDERED** that Defendant Ford Motor Company's Motion to Dismiss Causes of Action Three through Five is MOOT. (Dkt. 9).

Dated: July 26, 2018.

                                              MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE